ORIGINAL

FILED
FEB 19 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | |
|---|---|
| PMTECH, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant, | No. 08-96 C<br>(Judge ______) |

**UNOPPOSED MOTION BY EXCALIBUR ASSOCIATES, INC. TO INTERVENE AS DEFENDANT-INTERVENOR AND MOTION FOR LEAVE TO FILE AN ANSWER OR OTHERWISE RESPOND TO COMPLAINT ON THE SAME DATE AS DEFENDANT**

Pursuant to Rule 24 of the United States Court of Federal Claims ("RCFC"), Excalibur Associates, Inc. ("Excalibur") seeks permission to intervene as a party defendant in the above captioned action, and for an order setting the deadline for Excalibur's response to the Complaint on the same date as the Defendant's response is due. This motion is unopposed.

The above captioned case is a bid protest challenging the Department of Energy ("DOE"), Office of Health Safety and Security's ("HSS") decision to award Contract No. DE-AC01-08HS07002 ("Contract") to Excalibur under Solicitation No. DE-RP01-07HS07002 ("Solicitation"). As Excalibur has been awarded the Contract, it has a direct interest in the outcome of this case. This Court routinely allows contract awardees to intervene as defendant-intervenors in bid protests. See JWK Int'l Corp. v. United States, 49 Fed. Cl. 371, 385 (2001), aff'd, 279 F.3d 983 (Fed. Cir. 2001); Dubinsky v. United States, 43 Fed. Cl. 243, 252 (1999);

Candle Corp. v. United States, 40 Fed. Cl. 658,662 (1998); GraphicData, LLC v. United States, 37 Fed. Cl. 771, 777 (1997).

Excalibur has a right to intervene under RCFC 24(a), which states that a person may intervene as a matter of right when:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). As the awardee, Excalibur has important interests at stake in this case, and its disposition clearly could impair those interests. The protester, PMTech, Inc. ("PMTech"), now seeks to overturn the award to Excalibur, and Excalibur has an interest in preserving its right to perform the contract and earn the benefits accruing from that performance.

Excalibur's interests are not adequately represented by the Defendant as the Defendant's interest in defending a bid protest typically includes preserving the discretion of agency officials and enabling itself to proceed with procurements without undue delay. Excalibur's interest is to preserve its ability to perform.

Alternatively, Excalibur moves for permissive intervention under RCFC 24(b)(2), as (1) Excalibur's motion was timely filed the same day that the Complaint was filed; (2) Excalibur's "claim or defense and the main action have a question of law or fact in common;" and (3) Excalibur's intervention will not unduly delay or prejudice the adjudication of the action.

Excalibur also respectfully requests that the Court allow it to answer or otherwise respond to the Complaint no later than the deadline for the Defendant's response. RCFC 24(c) requires that a person desiring to intervene shall accompany its motion to intervene with a pleading setting forth the claim or defense for which intervention is sought. However, this

motion is being submitted the same day that the Complaint was filed, and Excalibur has not received a redacted version of the Complaint. Therefore, Excalibur has not yet been given an adequate opportunity to develop information in order to prepare an Answer.

WHEREFORE, Excalibur moves that it be permitted to intervene as a Defendant-Intervenor in this action and that Excalibur's deadline for responding to the Complaint be extended to the date that the Defendant's response is due.

Respectfully submitted,

Pamela J. Mazza, Esq.
PilieroMazza PLLC
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000
(202) 857-0200 (Facsimile)
pmazza@pilieromazza.com

*Counsel for Excalibur Associates, Inc.*

Dated: February 19, 2008

Of Counsel:

Philip M. Dearborn, III, Esq.
Jonathan T. Williams, Esq.
Isaias "Cy" Alba, IV, Esq.
Gunjan R. Talati, Esq.
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000
(202) 857-0200 (Facsimile)
pdearborn@pilieromazza.com
jwilliams@pilieromazza.com
ialba@pilieromazza.com
gtalati@pilieromazza.com

**CERTIFICATE OF SERVICE**

I certify that on this, the 19th day of February, 2008, the foregoing Motion to Intervene and Motion to Extend the Date for Filing a Response to the Complaint was served via facsimile, on the following:

Kenneth B. Weckstein
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 600
Washington, D.C. 20037
Facsimile: (202) 296-2882

Elizabeth A. Holt
Trial Attorney
U.S. Department of Justice
Room 7040
1100 L Street, N.W.
Washington, D.C. 20530
Fax: (202) 305-7643

Pamela J. Mazza